UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MIGUEL NUNEZ,

               Movant,

      -against-                          16 Civ. 4742 (LAK)
                                                [99 Cr. 53 (LAK)]

UNITED STATES OF AMERICA,

               Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2018

## MEMORANDUM OPINION

Appearances:

> Edward S Zas
> Susanne Brody
> FEDERAL DEFENDERS OF NEW YORK INC.
>
> *Attorneys for Movant*
>
> Nathan Martin Rehn
> Assistant United States Attorney
> GEOFFREY BERMAN
> INTERIM UNITED STATES ATTORNEY

LEWIS A. KAPLAN, *District Judge.*

       The matter is before the Court on Miguel Nunez's motion to vacate his sentence under 28 U.S.C. § 2255.[1]

---

[1]     16-cv-4742 (LAK), DI 1.

*Background*

Movant pleaded guilty to Hobbs Act robbery and conspiracy to commit Hobbs Act robbery and was sentenced on February 7, 2000 to 360 months as a career offender under the then-mandatory U.S.S.G. § 4B1.1 (November 1, 1998).[2] At sentencing, the Court concluded that the application of the career offender guideline was proper because the instant offense of conviction and movant's two prior predicate felonies (both for New York robbery in the first degree[3]) each were considered "crimes of violence" under the residual clause in U.S.S.G. § 4B1.2.[4]

Recent Supreme Court jurisprudence – namely, *Johnson v. United States*,[5] which declared an identically worded residual clause in the Armed Career Criminal Act ("ACCA") unconstitutionally vague, *Welch v. United States*,[6] which gave *Johnson* retroactive effect, and most recently, *Sessions v. Dimaya*,[7] which applied *Johnson* to conclude that a nearly identically worded residual clause in the Immigration and National Act was unconstitutionally vague – has cast some

---

[2]

The Court entered judgment in movant's criminal case on February 14, 2000. 99-cr-53 (LAK), DI 16.

U.S.S.G. § 4B1.1 then read, in relevant part:

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is . . . a crime of violence . . . , and (3) the defendant has at least two prior felony convictions of . . . a crime of violence . . . ."

[3]

N.Y. PENAL LAW § 160.15 (McKinney 2007).

[4]

U.S.S.G. § 4B1.2(a) defined a "crime of violence as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another."

The excerpted language from subsection (a)(2) is referred to above as the residual clause.

[5]

135 S. Ct. 2551 (2015).

[6]

136 S. Ct. 1257 (2016).

[7]

138 S. Ct. 1204 (2018).

doubt on the constitutionality of the residual clause in the then-mandatory career offender guideline.[8]

Movant asserts that had the career offender designation not applied to his sentence, the pre-departure guideline range in his case would have been 121 to 151 months, rather than 151 to 188 months. He argues, based on the recent Supreme Court holdings, that he should not have been sentenced as a career offender and that any such error was not harmless. He asks the Court to vacate his sentence and resentence him without the career offender designation.

*Discussion*

The motion on the merits presents at least one interesting question – that is, whether the residual clause in the career offender guideline, insofar as the guideline was mandatory on courts, was unconstitutionally vague and, if so, whether the career offender guideline nonetheless properly was applied. The latter question in turn could depend on whether Hobbs Act robbery and New York robbery in the first degree qualify as "crimes of violence" under U.S.S.G. § 4B1.2(a)(1) – in other words, whether these crimes have "as an element the use, attempted use, or threatened use of physical force against the person of another." But the government argues that the Court should not reach the merits because the motion is untimely.

The statute of limitations on a motion pursuant to 28 U.S.C. § 2255 is one year. This one-year limitations period runs from the latest of:

"(1) the date on which the judgment of conviction becomes final;

"(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

"(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

"(4) the date on which the facts supporting the claim or claims presented could have

---

[8] Although the Supreme Court held that the sentencing guidelines are immune from vagueness challenges under the Due Process Clause, *see Beckles v. United States*, 137 S. Ct. 886, 892 (2017), that holding was based on the fact that the sentencing guidelines by then were advisory rather than mandatory. *See Vargas v. United States*, No. 16-2112, 2017 WL 3699225 (2d Cir. May 8, 2017) (granting motion to file successive § 2255 motion because movant's sentence was imposed prior to *Booker* and *Beckles* "did not clearly foreclose" movant's argument); *see also In re Hoffner*, 870 F.3d 301, 309-10 (3d Cir. 2017) (collecting cases along similar lines). *See generally United States v. Booker*, 543 U.S. 404 (2005) (holding that federal sentencing guidelines are not mandatory on courts).

been discovered through the exercise of due diligence."[9]

This motion was filed on June 21, 2016. Because movant's judgment of conviction became final in 2000 and neither of subsections (2) or (4) applies, his motion would be timely only if it had been filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[10]

The government argues that the motion is untimely because the Supreme Court's decision in *Johnson* held only that the residual clause of the ACCA was unconstitutional. Although the wording of the unconstitutional ACCA clause is identical to that of the career offender guideline at issue, the Supreme Court has not itself extended its holding in *Johnson* to the pre-*Booker* guidelines. Accordingly, 28 U.S.C. § 2255(f)(3) does not apply.

The Fourth[11] and Sixth Circuits[12] each have held that the Supreme Court has not recognized a new right that applies retroactively because it has not itself held that the residual clause of the pre-*Booker* career offender guideline was unconstitutionally vague. The Second Circuit has not yet reached this question, but I am persuaded by the reasoning in our sister circuits. Accordingly, I conclude that the motion is untimely and must be denied.

---

[9]

28 U.S.C. § 2255(f).

[10]

*Id.* § 2255(f)(3).

[11]

*United States v. Brown*, 868 F.3d 297, 300, 302-03 (4th Cir. 2017) (rejecting a *habeas* movant's argument that it could find a right asserted by the Supreme Court "in the principles animating [*Booker, Johnson,* and *Beckles*] . . . despite the fact that the *Beckles* Court expressly declined to address the issue of whether the pre-*Booker* mandatory Sentencing Guidelines are amenable to void-for-vagueness challenges"); *see id.* at 302 ("If the Supreme Court left open the question of whether Petitioner's asserted right exists, the Supreme Court has not 'recognized' that right.").

[12]

*Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) (holding that because *Beckles* left the question of whether *Johnson* applied to the pre-*Booker* guidelines open, it could not be said that *Johnson* recognized a "right" that was "made retroactively applicable to cases on collateral review"); *see also Beckles*, 137 S. Ct. at 895 (holding only that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause"). *But see Moore v. United States*, 871 F.3d 72, 77 n.3 (1st Cir. 2017) (finding *habeas* petition filed within one year of *Johnson* and *Welch* on the basis that residual clause in career offender guideline was unconstitutional was timely); *id.* at 82-83 (permitting second or successive motion on the ground that it contained "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" under 28 U.S.C. § 2255(h)(2)).

*Conclusion*

The motion [DI 1] is denied, but I grant a certificate of appealability on the issue of whether his motion is timely pursuant to 28 U.S.C. § 2255(f)(3).[13]  Should the Supreme Court eventually determine that *Johnson* does apply retroactively to the pre-*Booker* residual clause of the career offender guideline, movant might be in a position at that point to make another motion under 28 U.S.C. § 2255.

SO ORDERED.

Dated:      May 24, 2018

_____
Lewis A. Kaplan
United States District Judge

---

[13]      28 U.S.C. 2253.